**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHIMA A. NWALA,

      Plaintiff,

v.                                                                          Case No. 8:26-cv-1274-TPB-TGW

A.O. SMITH CORPORATION, et al.,

      Defendants.

                                   /

## ORDER DISMISSING COMPLAINT

This matter is before the Court *sua sponte* on Plaintiff's complaint, filed on April 30, 2026.  (Doc. 1).  After reviewing the complaint, court file, and the record, the Court finds as follows:

### Background

This case arises from cold water.  Plaintiff Chima A. Nwala sues Defendants A.O. Smith Corporation and Tri-Care Services, Inc. based on an allegedly broken water heater.  Plaintiff installed the water heater on January 17, 2020.  On March 17, 2026, Plaintiff claims that "during a 34° RealFeel emergency," the unit failed. Plaintiff claims that he was referred to Tri-Care for the repair, but Tri-Care has refused service based on a "personal grievance."[1]  On April 30, 2026, Plaintiff filed the instant lawsuit against Defendants, asserting claims for violation of the

---

[1] Based on exhibits attached by Plaintiff to his complaint, it appears that Tri-Care refused service based on Plaintiff's allegedly verbally abusive behavior during his requests for service.

Magnuson-Moss Warranty Act (Count I), intentional infliction of emotional distress (Count II), and willful misconduct (punitive damages) (Count III).[2]

**Analysis**

Based on its review of the complaint (Doc. 1), the Court has serious concerns about the exercise of subject matter jurisdiction in this case.  To establish subject matter jurisdiction under the Magnuson-Moss Warranty Act, Plaintiff must sufficiently allege at least $50,000 in damages.  *See* 15 U.S.C. § 2310(d)(3)(B).  A plaintiff is generally limited to actual economic loss tied to the warranty breach.  *See Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) (holding that amount in controversy for purposes of Magnuson-Moss Warranty Act does not include damages flowing from pendent state law claims).  To establish subject matter jurisdiction based on diversity, Plaintiff must sufficiently allege at least $75,000 in damages (along with the citizenships of all parties involved).

Although Plaintiff attempts to claim $10 million dollars in damages, his estimate does not appear to be made in good faith, and the Court is not required to

---

[2] The Court notes that punitive damages is a form of relief and does not constitute a separate an independent cause of action.  In addition, the Court notes that the alleged facts, even if true, do not appear to establish intentional infliction of emotional distress as a matter of law.  To prove intentional infliction of emotional distress under Florida law, a plaintiff must prove: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct, *i.e.*, behavior that goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Rubio v. Lopez*, 445 F. App'x 170, 175 (11th Cir. 2011) (citing *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594-95 (Fla. 2d DCA 2007)).  "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Roberts v. Amtrust Bank*, No. 14-81266-CIV, 2014 WL 7273982, at *2 (S.D. Fla. Dec. 22, 2014) (citation and quotation omitted).  Plaintiff should carefully consider whether to attempt to reassert this type of claim in an amended complaint.

accept it.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  The Court does not see how an alleged dispute over an allegedly defective or broken water heater can exceed $50,000, let alone $75,000.  It therefore appears to the Court – to a legal certainty – that Plaintiff's claims are really for less than the jurisdictional amount, justifying dismissal for lack of jurisdiction.  In an abundance of caution, the Court will permit Plaintiff to file an amended complaint that establishes subject matter jurisdiction, if he may do so in good faith.

<u>**Warning for Pro Se Litigant**</u>

**The Court notes that even *pro se* plaintiffs must follow procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.  The Court is unlikely to grant another opportunity to amend.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is dismissed for lack of subject matter jurisdiction.

2. On or before May 26, 2026, Plaintiff is directed to file an amended complaint that establishes subject matter jurisdiction. Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of May, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE